# STATE OF MICHIGAN

# COURT OF APPEALS

JOANN NORTLEY,

Plaintiff-Appellant,

v

ART VAN FURNITURE, INC., ARCHIE A.
VANELSANDER, trustee of the ARCHIE A.
VANELSANDER TRUST, and JOHN DOE,

Defendants-Appellees.

UNPUBLISHED
May 19, 2016

No. 327542
Washtenaw Circuit Court
LC No. 12-000554-NI

Before: GLEICHER, P.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

In this premises liability suit, plaintiff, Jo Ann Nortley, appeals by right the judgment entered by the trial court after her jury returned a verdict in favor of defendants, Art Van Furniture, Inc., Archie A. Vanelsander, the trustee of the Archie A. Vanelsander Trust, and John Doe (collectively Art Van). We conclude that Nortley has not adequately raised any claim of error on appeal. Accordingly, we affirm.

## I. BASIC FACTS

In May 2012, Nortley sued Art Van for damages that she alleged she sustained in June 2009 after she lost her balance and fell while shopping at Art Van's furniture store in Ann Arbor, Michigan. The trial court held a jury trial over three days in March 2014.

Allen Vanderhoof testified that he had worked for Art Van for 24 years and that he managed the Ann Arbor store in 2009. He examined several photos of the area at issue—the recliner area—and stated that the photos accurately depicted the ramp and steps leading to and from that area. He said the furniture would have been different at the time of the fall, but the "steps and the structure . . . everything's the same." Vanderhoof agreed that the steps had black and yellow stripes in 2009; he also related that the store's carpeting was replaced in December 2011. The trial court admitted the photos by stipulation.

Nortley testified that she went to the store with a friend to shop for furniture. She walked up into the recliner area along a ramp on one side, but left the area by way of the ramp on the other side. As she walked down, she did not notice that there was a step down to the floor at the end. She lost her balance when she put out her left foot and it had "nowhere to go." She was holding the railing, but it was too large to grip. She lost her balance, fell, and later realized she was injured. She first saw that there was a "drop-off" at the end of the ramp when she stood after her fall. She did not recall there being a bright stripe on the edge of the step and stated that the carpet was different at the time of her fall—it was darker and "tended to blend in with the tile" at the end of the ramp.

At trial, Nortley's lawyer called an expert, Steven Ziemba, who works as a safety consultant. The trial court took Ziemba's testimony outside the presence of the jury in order to determine whether he could testify. Ziemba stated that he was familiar with several safety issues, including the phenomena of the single-step hazard and safe handrail design, which were implicated in the present case. He opined that the handrail and steps were flawed and inherently dangerous. He also testified that the steps and rail did not comply with the building code.

The trial court determined that Ziemba's testimony would not aid the jury in determining a question at issue. The trial court explained that Ziemba could not offer an opinion on the safety of the steps and railing because that opinion would invade the jury's role as the finder of fact. He also could not testify that the steps and rail did not comply with the building code because the code was silent as to platform steps.

After the close of proofs, the parties submitted a special verdict form to the jury and the jury answered "no" to the first question, which asked whether Art Van was negligent. The trial court entered a judgment in favor of Art Van in April 2015.

Nortley now appeals in this Court.

II. ANALYSIS

Nortley prepared and submitted an appellate brief on her own behalf and stated that she had three questions on appeal. The first question, she wrote, involves the "actual date" of the "changes made to the recliner" area at issue. For her second and third questions, she states "Accident[t]/incident report of recliner [cinema] prior to my fall" and "My health condition related prior to my fall and health condition present." Nortley's statement of questions involved does not comply with the requirements stated under MCR 7.212(C)(5). Indeed, the statement does not implicate any particular act or omissions by anyone, let alone the trial court. Because she failed to state her claims of error, there is nothing for this Court to consider. See *Busch v Holmes*, 256 Mich App 4, 12; 662 NW2d 64 (2003).

Even reading Nortley's brief as a whole and searching for a claim of error, we cannot discern any claim capable of meaningful review. Nortley's brief has a total of 18 pages (counting the cover page and proof of service), but the majority of those pages are copies of exhibits and pages from transcripts; only four pages include anything of substance. She wrote two pages that she characterized as a statement of facts. She did not, however, present a "clear, concise, and chronological narrative" of the "material facts, both favorable and unfavorable" and

-2-

"without argument or bias." MCR 7.212(C)(6). Rather, she merely asserts that she fell as a result of a "dangerous ramp and step system inside the store." She then intimates that Vanderhoof did not testify truthfully because the photos submitted at trial do not in fact "depict the recliner cinema area where [she] fell in June 2009."

It appears that Nortley has some concern about Vanderhoof's testimony and the fact that the photos submitted at trial did not depict the area at issue in *exactly* the way that it appeared when she fell, but she does not argue that the trial court erred in some way by allowing the evidence. Moreover, a fair appraisal of the record shows that the jury was aware that the photos did not depict the area at issue in exactly the same way that it appeared on the day of Nortley's fall. Vanderhoof testified that the photos accurately showed the steps and other "structures" at issue, but he acknowledged that the carpeting had been replaced, that furniture was different, and that the stripes on the edge of the steps were different. The jury also heard Nortley testify that the lighting was dim and that the carpeting was darker and blended with the tile, which is why she did not see the step. Generally, it is for the jury to assess the weight and credibility of the evidence and resolve any disputes. See *Dawe v Bar-Levav & Assoc (On Remand)*, 289 Mich App 380, 401; 808 NW2d 240 (2010). And Nortley has offered no reason to question either the admission of this evidence or the jury's finding.

Nortley also notes in her facts that the trial court did not allow Ziemba to testify that the step system and railing were unsafe. She does not, however, argue at any point that the trial court erred by precluding him from testifying. She purports to summarize her own testimony on the second page of the facts and finds fault with some remarks that Art Van's lawyer made during closing arguments. But she again fails to offer any analysis or citation to law that even suggests that the comments amount to error warranting relief. As for the third page, Nortley reiterates that the photos did not depict the recliner area as it appeared in June 2009. Finally, she asks this Court to, on the basis of her "continued physical pain and suffering," reverse the jury's verdict.

We are sympathetic to Nortley's circumstances as a pro se appellant; nevertheless, we must conclude that her failure to identify any claim of error, or otherwise make any effort to comply with the requirements stated under MCR 7.212(C), amounts to the abandonment of her appeal. This Court is an error correcting court. *Burns v Detroit (On Remand)*, 253 Mich App 608, 615; 660 NW2d 85 (2002). By failing to identify any error in the lower court proceedings, Nortley has left this Court with nothing to review. See *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) (stating that this Court will not even consider granting relief when an appellant fails to challenge the basis of the trial court's ruling). As our Supreme Court explained more than fifty years ago, an appellant must make some effort to identify and support his or her claim of error before this Court will be called to action:

> It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow. [*Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).]

-3-

There being no errors for this Court to review, we affirm.

Affirmed. As the prevailing party, Art Van may tax its costs. MCR 7.219(A).

/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ Michael J. Kelly